UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO: 1:08-CV-102-R

BOBBY JONES                                                                                       PLAINTIFF

v.

METAL MANAGEMENT NASHVILLE, LLC                                                    DEFENDANT
d/b/a SOUTHERN RECYCLING

## MEMORANDUM OPINION

This matter is before the Court on Defendant Metal Management Nashville, LLC d/b/a Southern Recycling's Motion to Dismiss (Docket #9). Plaintiff Bobby Jones has filed a response (Docket #10). Defendant has filed a reply (Docket #13). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff Bobby Jones ("Jones") is a former truck driver for Defendant Metal Management Nashville, LLC, doing business as, and herein referred to as, Southern Recycling. On July 5, 2007, Jones worked his shift from approximately 4:00 a.m. to 4:30 p.m., including one thirty minute break. At 4:30 p.m., a supervisor instructed Jones to perform an additional drive to Logan Aluminum Company. From past experience, Jones knew it could take up to three hours to complete this drive. Jones informed his supervisor that he was fatigued and that he believed it would be unlawful for him to make the drive since it would require him to exceed the number of hours a commercial driver was permitted to drive in a day. Jones was discharged from his employment for his refusal to make the drive.

Jones filed the present action first in state court. In his complaint, Jones alleged claims of

wrongful termination and intentional infliction of emotional distress.  Southern Recycling, a foreign limited liability company, removed the case to federal court.  The Court now considers Southern Recycling's motion to dismiss for failure to state a claim.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  "A district court need not, however, accept as true legal conclusions or unwarranted factual inferences."  *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 617 (6th Cir. 2008) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir.2006)).

The Supreme Court's recent decision in *Bell Atlantic Corporation v. Twombly* clarified the pleading standard necessary to survive a Rule 12(b)(6) motion to dismiss.  *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests."  *Twombly*, 127 S. Ct. at 1965.

## ANALYSIS

### I. Wrongful Discharge

It is undisputed that Jones was an at-will employee.  Under Kentucky law, "an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might

view as morally indefensible." *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983) (citing *Production Oil Co. v. Johnson*, 313 S.W.2d 411 (Ky. 1958); *Scroghan v. Kraftco Corp.*, 551 S.W.2d 811 (Ky. Ct. App. 1977)). Kentucky courts recognize a limited exception to this "terminable-at-will" doctrine. *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky. 1985). To trigger the exception, it must be established that: (1) the discharge was contrary to a fundamental and well-defined public policy as evidenced by existing law; and (2) that policy is evidenced by a constitutional or statutory provision. *Id.* at 401 (citing *Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834, 835 (Wis. 1983)). "The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact." *Id.* Jones rests his claim of wrongful discharge on three Kentucky statutes, KRS § 281.730(1), KRS § 281.730(3), and KRS § 189.224.

### A. KRS § 281.730(1)

Jones alleges that under KRS § 281.730(1) it was unlawful for Southern Recycling to discharge him for his refusal to perform another drive after he had already completed his twelve hour shift for the day. Kentucky Revised Statute § 281.730(1) provides, in pertinent part,

> A motor carrier shall not require or permit any driver or chauffeur operating a motor vehicle for hire under a certificate or permit to remain continuously on duty for a longer period than twelve (12) hours, and when any driver or chauffeur has been continuously on duty for twelve (12) hours he shall have at least eight (8) consecutive hours off duty.

Because Jones was discharged for his refusal to violate KRS § 281.730(1), Jones alleges that his discharge falls within the public policy exception.

In moving to dismiss this action, Southern Recycling argues that the hour limitations of KRS § 281.730(1) do not apply to it, nor do they apply to Jones during his employment with Southern Recycling, because Southern Recycling is a private carrier hauling its own scrap metal, not a "for hire" motor carrier.  Jones does not dispute that Southern Recycling is a private carrier and does not operate "for hire."  In fact, Jones fails to even address KRS § 281.730(1) in his response brief.  Having been presented with no argument to the contrary, the Court finds that Jones cannot rely on KRS § 281.730(1) to state a claim for wrongful discharge.  The Court's finding expresses no opinion as to whether Southern Recycling is a motor carrier "for hire" within the meaning of KRS § 281.730(1).

### B.  KRS § 281.730(3) and 49 C.F.R. § 395

Jones alleges that under KRS § 281.730(3), Southern Recycling unlawfully discharged him for his refusal to perform an additional drive in violation of 49 C.F.R. § 395.  Kentucky Revised Statute § 281.730(3) provides that "the secretary of the Transportation Cabinet may adopt by reference or set forth in its entirety the provisions of 49 C.F.R. sec. 395 . . . with respect to any motor vehicle registered in Kentucky."  In accordance with KRS 281.730(3), the Kentucky Transportation Cabinet has promulgated safety administrative regulations adopting 49 C.F.R. § 395.  *See* 601 Ky. Admin. Reg. 1:005 (2008).  Section 395 regulates the hours of service of drivers pursuant to the Surface Transportation Assistance Act.  *See* 49 U.S.C. § 31105 *et seq.*  The Surface Transportation Assistance Act expressly prohibits the discharge of an employee because he refuses to operate a vehicle in violation of "a regulation, standard or order of the United States related to commercial motor vehicle safety or health.".  49 U.S.C. § 31105(a)(1)(B)(i).

4

In his complaint and corresponding response brief, Jones does not specify the federal regulation he refused to violate. Section 395.0 rescinds any regulations pertaining to hours of service limitations of drivers prior to April 28, 2003 and is not relevant to the case at hand. *See* 49 C.F.R. § 395.0. Given the relevant facts, the Court assumes Jones refused to violate § 395.3. Section 395.3 provides, in pertinent part:

> (a) No motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle:
>
> (1) More than 11 cumulative hours following 10 consecutive hours off-duty;
>
> (2) For any period after the end of the 14th hour after coming on duty following 10 consecutive hours off duty, except when a property-carrying driver complies with the provisions of § 395.1(o) or § 395.1(e)(2).

49 C.F.R. § 395.3. Southern Recycling admits that it is regulated by the service hour limitations of 49 C.F.R. § 395 *et seq*. However, Southern Recycling argues that Jones cannot state a claim for wrongful discharge based on either KRS 281.730(3) or 49 C.F.R. § 395 because federal regulations do not fall within the public policy exception.

In *Shrout v. The TFE Group*, the Kentucky Court of Appeals considered whether a public policy violation underpinning a cause of action for wrongful discharge could be sustained based upon federal drug testing regulations. 161 S.W.3d 351, 354-55 (Ky. Ct. App. 2005). Shrout alleged that he was wrongfully discharged after receiving a false positive on a drug test that was not conducted according to federal regulations. *Id.* at 352-53. The court held that "important to a finding of wrongful discharge is the requirement that the public policy must be defined by

statute and directed at providing statutory protection to the worker in his employment situation." *Id.* at 354.  The court concluded that Shrout could not maintain his action because it was not defined by a statutory or constitutional provision.  *Id.* at 355.  Simply put, "[t]he protection [of Kentucky's public policy exception] does not extend to the violation of a federal regulation."  *Id.*

Similarly, the Sixth Circuit, interpreting Kentucky law, considered whether a truck driver could maintain a wrongful discharge suit where he refused to violate time and safety regulations promulgated under the Surface Transportation Assistance Act.  *Barlow v. The Martin-Brower Co.*, 202 F.3d 267, 2000 WL 32027 *1 (6th Cir. January 5, 2000).  As in this case, *Barlow* involved a wrongful discharge claim under KRS 281.730(3) and 49 C.F.R. § 395.  *Id.* at *2.  Like the Kentucky Court of Appeals in *Shrout*, the Sixth Circuit distinguished between a public policy exception asserted based on a statutory or constitutional provision, as was required by Kentucky law, and a public policy exception asserted based on an administrative regulation.  *Id.*  Interpreting KRS § 281.730(3) as "merely authoriz[ing] the adoption of safety regulations," the Sixth Circuit concluded that KRS § 281.730(3) could not be the basis for a wrongful discharge suit under Kentucky law because it was not the type of statutory or constitutional provision contemplated by the Kentucky Supreme Court in adopting the public policy exception to the terminable-at-will doctrine.  *Id.* at *2-3.

The Court adopts the reasoning of the courts in *Shrout* and *Barlow*.  Jones cannot state a claim for wrongful discharge where the underpinning of his cause of action rests on a federal regulation and not a statutory or constitutional provision.  Even if this were not the case, Jones's action must be dismissed because the federal regulation on which he relies provides a civil remedy.

6

In *Grzyb v. Evans*, Evans alleged that he was wrongfully discharged because of sex discrimination. 700 S.W.2d 399, 400 (Ky. 1985). The Supreme Court of Kentucky dismissed his complaint, holding that Evans's "claim of sex discrimination would not qualify as providing the necessary underpinning for a wrongful discharge suit because the same statute that enunciates the public policy prohibiting employment discrimination because of 'sex' also provides the structure for pursuing a claim for discriminatory acts in contravention of its terms." *Id.* at 401. In other words, a plaintiff cannot maintain a wrongful discharge suit where "the statute [upon which he relies to satisfy the exception] not only creates the public policy but preempts the field of its application." *Id.* "Where the statute both declares the unlawful act and specifies the remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Id.* (citations omitted).

Under the Surface Transportation Assistance Act, an employee who believes he was wrongfully discharged in violation of a regulation can file a complaint with the Secretary of Labor within 180 days of the violation. 49 U.S.C. § 31105(b). Following a hearing on the merits, the Secretary of Labor may award the employee relief, including punitive damages. 49 U.S.C. § 31105(b)(3)(A)-(C). Because Jones's claim rests on a federal regulation the violation of which specifies a civil remedy, Jones cannot state a claim for wrongful discharge under Kentucky law.

It is irrelevant for the purpose of this analysis that the Surface Transportation Assistance Act expressly provides that it does not preempt state law. *See* 49 U.S.C. § 31105(f). "*Grzyb* does not require the statute to specify that the remedy provided is exclusive. *Grzyb* only requires that the statute 'specify the civil remedy available.'" *Benningfield v. Pettit Environmental, Inc.*,

7

183 S.W.3d 567, 571 (Ky. Ct. App. 2005) (quoting *Grzyb*, 700 S.W.2d at 401).  Because a civil remedy is available under the Surface Transportation Assistance Act, Jones cannot pursue an action for wrongful discharge based on KRS § 281.730(3).

### C.  KRS § 189.224

Jones alleges that Southern Recycling unlawfully discharged him for refusing to violate KRS § 189.224.  Kentucky Revised Statute § 189.224 provides: "It is unlawful for the owner, or any other person, employing or otherwise directing the operator of any vehicle, to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law."  Southern Recycling argues that Jones cannot sustain a cause of action for wrongful discharge under KRS § 189.224 because KRS § 189.224 does not set forth a "well-defined" public policy, and the purpose of the statute is to hold responsible employers who direct or permit their employees to break traffic and equipment laws, not to provide statutory protection to workers whose employers violate service hour limitations.

In response, Jones argues that KRS § 189.224 sets forth a well-defined public policy, but he fails to articulate exactly what that public policy is.  The Court understands Jones's argument to be that because service hour limitations for commercial drivers have existed for many years, KRS § 189.224 was meant to protect truck drivers and regular citizen drivers from companies who sometimes abuse service hour limitations.  He cites no legal authority in support of this argument.

The only case to interpret KRS § 189.224 is a decision by the Kentucky Supreme Court involving a worker who died in an automobile accident in which his intoxicated and unlicensed co-worker drove him home at his instruction.  *See Banks v. Dept. of Educ., Bureau of*

*Rehabilitation*, 462 S.W.2d 428 (Ky. 1971).  The court concluded that the worker violated KRS § 189.224 when he had his co-worker drive the car.  *Id.* at 430.

The Court expresses no opinion as to the public policy articulated by KRS § 189.224, but having examined the limited case law, the Court is convinced that whatever the public policy of KRS § 189.224 is, it is not "well-defined."  Furthermore, as the court in *Shrout* explained, "important to a finding of wrongful discharge is the requirement that the public policy . . . [is] directed at proving statutory protection to the worker in his employment situation."  161 S.W.3d at 354.  Jones has cited to no legal authority demonstrating that KRS § 189.224 is meant to protect a worker from an employer who violates service hour limitations.  Having articulated no well-defined public policy, the Court finds that Jones cannot state a claim for wrongful discharge based on KRS § 189.224.

### D.  Unemployment Compensation Decision

In his response brief, Jones relies on a referee decision attached with his complaint to argue that he should be able to proceed to discovery on his wrongful discharge claim.  In his decision, the referee determined that because Jones was discharged for reasons other than misconduct, he was not disqualified from receiving unemployment compensation benefits.  Had Jones been discharged for misconduct, then he would have been ineligible for Kentucky unemployment compensation.  KRS § 341.360(4).

Under Kentucky law, an unemployed worker may file a claim for unemployment compensation benefits.  KRS § 341.350.  When a benefits decision is appealed, an impartial referee conducts a hearing and makes a determination regarding the benefits award.  KRS § 341.420.  However, no "finding of fact or law, judgment, conclusion, or final order made with

9

respect to a claim for unemployment compensation" by the referee is "conclusive or binding in any separate or subsequent action or proceeding in another forum." KRS § 341.420(5).

"An unemployment compensation hearing is designed to adjudicate promptly a narrow issue of law, and to grant a limited remedy to an unemployed worker." *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky. 2001) (quoting Board of Educ. of Covington v. Gray, 806 S.W.2d 400, 403 (Ky. Ct. App. 1991)). It is not designed to bind the parties in a subsequent action. *Id.* Therefore, Jones cannot rely on the referee decision to state a claim for wrongful discharge.

## II. Intentional Infliction of Emotional Distress

Under Kentucky law, "a party can recover under [intentional infliction of emotional distress] if it is shown that: (1) the wrongdoer's conduct was intentional or reckless, (2) the wrongdoer's conduct was outrageous and intolerable, (3) there is a causal connection between the conduct and the emotional distress, and (4) the emotional distress suffered is severe." *Benningfield*, 183 S.W.3d at 572 (citing *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 238 (Ky. Ct. App. 2001)). In his complaint, Jones alleges that it was intolerable for Southern Recycling to terminate his employment for his refusal to violate the law. Southern Recycling argues that Jones's claim must be dismissed because Jones cannot show that Southern Recycling's conduct was outrageous and intolerable.

"[I]n order for conduct to be considered 'extreme and outrageous' it must be 'so outrageous in character, and so extreme in degree, to go beyond all possible bounds of decency . . . ." *Id.* (citing *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990)). "Mere termination clearly does not rise to the level of outrageous conduct required to support an intentional infliction of emotional distress claim." *Id.* Here, Jones has alleged no outrageous or

intolerable conduct beyond his discharge. In fact, Jones did not even address his intentional infliction of emotional distress claim in his response brief. Therefore, the Court finds that Jones has failed to state a claim for intentional infliction of emotional distress.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

An appropriate order shall issue.