UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO: 1:08-CV-102-R

BOBBY JONES                                                                                              PLAINTIFF

v.

METAL MANAGEMENT NASHVILLE, LLC                                               DEFENDANT
d/b/a SOUTHERN RECYCLING

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Alter or Amend (Docket #16). Defendant has responded (Docket #17). Plaintiff has replied (Docket #18). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Alter or Amend is DENIED.

**BACKGROUND**

Plaintiff Bobby Jones ("Jones") is a former truck driver for Defendant Metal Management Nashville, LLC, doing business as, and herein referred to as, Southern Recycling. On July 5, 2007, Jones worked his shift from approximately 4:00 a.m. to 4:30 p.m., including one thirty minute break. At 4:30 p.m., a supervisor instructed Jones to perform an additional drive to Logan Aluminum Company. From past experience, Jones knew it could take up to three hours to complete this drive. Jones informed his supervisor that he was fatigued and that he believed it would be unlawful for him to make the drive since it would require him to exceed the number of hours a commercial driver was permitted to drive in a day. Jones was discharged from his employment for his refusal to make the drive.

Jones filed the present action first in state court. In his complaint, Jones alleged claims of wrongful termination and intentional infliction of emotional distress. Southern Recycling, a

foreign limited liability company, removed the case to federal court.  In its January 26, 2009 Order, the Court granted Southern Recycling's motion to dismiss for failure to state a claim.  The Court now considers Jones's motion to alter or amend.

### STANDARD

Rule 59(e) allows a party to file a motion to reconsider a final order or judgment within ten days of entry.  Fed. R. Civ. P. 59(e); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  A court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice."  *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).  "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable."  *Id.*  A Rule 59(e) motion to alter does not provide a plaintiff with another opportunity to argue the merits of his case.  *Id.*

### ANALYSIS

Jones argues that the Court made a clear error of law when it granted Southern Recycling's motion to dismiss.  Jones finds two errors in the Court's Opinion; the first in its application of *Shrout v. The TFE Group*, 161 S.W.3d 351 (Ky. Ct. App. 2005), and the second in its interpretation of *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985).  Southern Recycling responds that no errors of law were committed and that Jones's motion merely reargues the merits of his case.

Jones argues that the Court incorrectly relied on *Shrout v. The TFE Group*, 161 S.W.3d

351 (Ky. Ct. App. 2005), in reaching its conclusion that Kentucky's public policy exception to the terminable-at-will doctrine does not extend to violations of 49 C.F.R. § 395. Jones argues that *Shrout* is not instructive in this case because the *Shrout* plaintiff was relying directly upon the violation of federal drug testing regulation in arguing that the public policy exception applied, whereas Jones is not relying directly upon 49 C.F.R. § 395, but rather upon a Kentucky statute, KRS § 281.730(3), in arguing that the public policy exception applies. Jones cites the California Supreme Court in *Green v. Ralee Engineering Company*, 960 P.2d 1046 (Cal. 1998), in support of his argument.

Kentucky Revised Statute § 281.730(3) provides that "the secretary of the Transportation Cabinet may adopt by reference or set forth in its entirety the provisions of 49 C.F.R. sec. 395 . . . with respect to any motor vehicle registered in Kentucky." Thus, KRS § 281.730(3) grants the Secretary of Kentucky's Transportation Cabinet the authority to adopt 49 C.F.R. § 395. The statute itself does not adopt 49 C.F.R. § 395. In accordance with KRS § 281.730(3), the Kentucky Transportation Cabinet then promulgated safety administrative regulations adopting 49 C.F.R. § 395. *See* 601 Ky. Admin. Reg. 1:005 (2008). Thus, it is the safety administration regulation, not KRS § 281.730(3), that provides the basis for the application of the public policy exception. Indeed, this is the reasoning that the Sixth Circuit used in reaching its conclusion that KRS § 281.730(3) does provide a basis for a wrongful discharge suit under Kentucky law.[1] *See*

---

[1] Jones argues that the Sixth Circuit's decision in *Barlow v. The Martin-Brower Co.* is both inauthoritative and "just plain wrong." Jones cites Sixth Circuit Rule 28(g) to argue that the Court is not bound by *Barlow*. However, Jones quotes an outdated version of Rule 28(g). The Sixth Circuit has amended Rule 28(g) to no longer disfavor the practice of citing unpublished decisions. *See* 6 Cir. R. 28 (g). More importantly, Jones fails to cite to any Kentucky case law demonstrating that the *Barlow* decision is wrong.

*Barlow v. The Martin-Brower Co.*, 202 F.3d 267, 2000 WL 32027 (6th Cir. Jan. 5, 2000). For these reasons, the Court finds that there was no clear error of law was in relying on *Shrout*.

Jones also argues that the Court incorrectly interpreted the Kentucky Supreme Court's decision in *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985) to bar wrongful discharge suits where a civil remedy is otherwise provided by law. Jones's argument is a semantical one. He argues that *Gryzb* only bars wrongful discharge suits where the applicable law provides *the* civil remedy, not *a* civil remedy. He argues that 49 C.F.R. § 395 provides *a* civil remedy, but not an exclusive one, therefore it does not bar his wrongful discharge suit.

Jones's interpretation of *Grzyb* requires the Court to disregard the Kentucky Court of Appeals holding in *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567 (Ky. Ct. App. 2005). In *Benningfield*, the court held that "*Grzyb* does not require the statute to specify that the remedy provided is exclusive. *Grzyb* only requires that the statute 'specify the civil remedy available.'" 183 S.W.3d at 571 (quoting *Gryzb*, 700 S.W.2d at 401). Jones argues that the plain language of *Grzyb* does not support the appellate court's interpretation.

"Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). In this instance, Jones offers no legal precedent in support of his interpretation of *Grzyb*. Therefore, the Court finds no clear error of law in relying on *Benningfield v. Pettit Environmental, Inc*. to conclude that because a civil remedy is available under 49 C.F.R. § 395, Jones cannot pursue an action for wrongful discharge under KRS § 281.730(3).

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend is DENIED.